### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KEITH NICHOLSEN, | |
| Plaintiff, | Case No. 3:20-cv-0023 |
| v. | COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA and SHAMALI DENNERY, | JURY TRIAL DEMANDED |
| Defendants. | |
| SHAMALI DENNERY, | |
| Third-Party Plaintiff, | Case No. 3:20-cv-0023 |
| v. | COMPLAINT FOR DAMAGES |
| BERNARD WESSELHOFT d/b/a Slim Man's Parking Lot, | JURY TRIAL DEMANDED |
| Third-Party Defendant. | |
| SHAMALI DENNERY, | |
| Cross Claimant, | Case No. 3:20-cv-0023 |
| v. | COMPLAINT FOR CONTRIBUTION |
| UNITED STATES OF AMERICA, | JURY TRIAL DEMANDED |
| Cross Defendant. | |
| SHAMALI DENNERY, | |
| Counter Claimant, | Case No. 3:20-cv-0023 |
| v. | COMPLAINT FOR DAMAGES |
| KEITH NICHOLSEN, | JURY TRIAL DEMANDED |
| Counter Defendant. | |

*Nicholsen v. United States et al.*
Case No. 3:20-cv-0023
Memorandum Opinion
Page 2 of 9

**APPEARANCES:**

**Thomas Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For Plaintiff and Counter Defendant Keith Nicholsen and*
    *Third-Party Defendant Bernard Wesselhoft*

**Kimberly L. Cole**
United States Attorney's Office
St. Thomas, VI
    *For Defendant and Cross Defendant United States of America*

**Gaylin Vogel**
Law Office of Kevin F. D'Amour, PC
St. Thomas, VI
    *For Defendant, Third-Party Plaintiff, Cross Claimant, and Counter Claimant*
    *Shamali Dennery*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** is the United States' (the "Government") Motion to Dismiss the Complaint for lack of subject matter jurisdiction, filed on June 22, 2020. (ECF No. 16.). Plaintiff filed an opposition on June 30, 2022, (ECF No. 20), and the Government filed a reply on July 10, 2020, (ECF No. 21). The Court held a hearing on February 28, 2022. For the reasons stated herein, the Court will grant the motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    On May 6, 2019, while working as the attendant at Slim Man's Parking Lot (the "Parking Lot"), Plaintiff Keith Nicholsen ("Nicholsen") was approached by Defendant Shamali Dennery ("Dennery"), an employee of the Federal Emergency Management Agency ("FEMA") to use a FEMA vehicle parked in the lot. Under the operative agreement between FEMA and the Parking Lot, a FEMA employee may use an agency vehicle parked in the lot by first checking in with the attendant and providing FEMA identification. After verifying the individual as a FEMA employee, the lot attendant provides the keys for the vehicle requested.

In his complaint, Nicholsen alleges that Dennery demanded keys to a FEMA vehicle and refused to provide his FEMA identification as requested. Compl., ECF No. 1. In response, Nicholsen alleges he advised Dennery that he would not release the vehicle to him. Nicholsen contends that "Dennery, while acting in the course and scope of his agency/employment for FEMA, then negligently and carelessly caused a physical injury to Plaintiff." *Id.*, ¶ 8. The complaint provides no other information regarding the altercation between Nicholsen and Dennery.

Prior to commencing suit in the district court, Nicholsen filed an administrative claim with FEMA under the Federal Tort Claims Act (the "FTCA"), alleging that Dennery "refused to provide identification and thereafter assaulted and batterie[d]" Nicholsen. FTCA Claim Ex. A, at 2, ECF No. 2-1. The claim further specified that Nicholsen sustained "facial injuries and soft tissue injuries to his foot and back," in addition to suffering "elevated blood pressure due to this incident and a fear of returning to work," *id.*, but the claim gave no details about the altercation itself between Nicholsen and Dennery.

Citing 28 U.S.C. § 2680, FEMA rejected Nicholsen's claim on September 24, 2019, concluding that the FTCA bars claims arising from an "'intentional tort' committed by a federal government employee." FEMA Denial Ex. B, at 2, ECF No. 2-2. Moreover, the denial stated that "a claimant must show negligence or a wrongful act or omission on the part of a federal employee acting within the scope of his or her employment that caused the injury or damages." *Id.*

Subsequently, Nicholsen filed the complaint on March 6, 2020. Compl., ECF No. 1. As exhibits for the complaint in which each were referenced, Nicholsen filed a copy of his administrative claim filed with FEMA, ECF No. 2-1, and the denial letter from FEMA, ECF No. 2-2. Notice Filing Ex.s Compl., ECF No. 2.[1]

Thereafter, on June 22, 2020, the Government filed a motion to dismiss as a factual challenge pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF Nos. 16, 17, arguing that "[t]he Court lacks subject matter jurisdiction over Plaintiff's complaint because the intentional tort exception to the [FTCA] bars Plaintiff's claims." Def. U.S.'s Mem. Supp. Mot.

---

[1] The Government did not file an answer to Nicholsen's complaint.

Dismiss at 1, ECF No. 17. The Government contends that Nicholsen's attempt to reframe his original claim of assault and battery as a claim of negligence does not extend the claim beyond the reach of the intentional torts exception. The Government further argues that Dennery was acting outside the scope of his employment when he allegedly struck Plaintiff, "because he was acting to protect himself, not to serve any purpose of the United States." *Id.* at 1. The Government thereby argues that Nicholsen "is barred from bringing this action against the United States to recover damages for Defendant Dennery's intentional tort." *Id.*

In his opposition to the motion, Nicholsen asserts that the Government's motion to dismiss "is not based solely on the allegations in the complaint" and argues that such a factual attack "requires the Court to determine if there are factual issues impacting the Court's subject matter jurisdiction that require discovery." Pl.'s Memo Supp. Opp'n at 2, ECF No. 20. Nicholsen argues that he "does not allege that Dennery committed an intentional tort, but rather that 'while acting in the course and scope of his agency/employment for FEMA' during their interaction Dennery 'negligently and carelessly caused a physical injury to Plaintiff.'" *Id.* at 1-2 (quoting Compl. at ¶ 8). The Government replied on July 10, 2020, "contend[ing] that Dennery was acting outside the scope of his employment when he allegedly struck Plaintiff, whether those acts were intentional or not." Def. U.S.'s Reply to Pl.'s Opp'n at 4, ECF No. 21.

Dennery filed an answer to the complaint on August 31, 2020. (ECF No. 23.) Under same cover, Dennery filed a counterclaim against Nicholsen for common law assault, a crossclaim against the United States for common law contribution, and a third-party complaint against Bernard Wesselhoft, d/b/a Slim Man's Parking Lot for common law assault under the theory of respondeat superior. *Id.*

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a court's jurisdiction over the case. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). "Subject matter jurisdiction is a fundamental and nonwaivable requirement which must be fully considered by the Court whenever it is brought to its attention, Fed. R. Civ. P. 12(h)(3)." *See also Godfrey*

*v. International Moving Consultants, Ind.*, Div. No. 79-188, 1980 U.S. Dist. LEXIS 8956, at *6 (D.V.I. Dec. 12, 1980). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party may move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction. In a facial challenge, the court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Del. Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6). *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (finding that the reviewing court must construe the allegations in favor of the nonmoving party); *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (holding that a facial attack challenges "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). In order to defeat a Rule 12(b)(6) motion, the "plaintiff['s] factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In contrast, a factual attack "challenges the existence of facts sufficient to confer subject matter jurisdiction." *Thomas v.* Roberson, Civil No. 2008-075, 2013 U.S. Dist. LEXIS 77483 (D.V.I. June 3, 2013) (citing *Carpet Grp. Int'l.v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). In a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations . . ." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977). Indeed, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

A factual challenge may only be brought after the non-moving party has had the opportunity to address the factual challenges of the moving party. Therefore, a factual attack must be filed after the moving party answers the complaint, the parties have engaged in discovery, *Constitution Party*, 757 F.3d at 358, or the non-moving party has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention," *Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990); *see also Mortensen*, 549 F.2d at 891 (distinguishing a factual challenge as one that may occur any time after the answer has been served). Consequently, when a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

Because the Government filed its Rule 12(b)(1) motion prior to serving its answer, the Court will construe the motion as a facial challenge to the Court's subject matter jurisdiction. Viewing the pleading "in the light most favorable to the plaintiff," *Gould Elecs., Inc.*, 220 F.3d at 176, the Court therefore considers whether the allegations on the face of the complaint and documents referenced and attached thereto "allege facts sufficient to invoke the jurisdiction of the district court," *Taliaferro*, 458 F.3d at 188.

### III. DISCUSSION

The Government argues that the Court lacks subject matter jurisdiction and that the Court should dismiss the complaint because the intentional tort exception to the FTCA bars Nicholsen's claims and Dennery was acting outside the scope of his employment at the time of the alleged conduct. (ECF No. 17 at 1.)

Under the FTCA, the Government waives sovereign immunity in suits for money damages for personal injury, death, or property damage resulting from certain classes of torts committed by federal employees. 28 U.S.C. § 2680. It is well-settled that "[t]he United

States is not liable for claims involving assault, battery, or other intentional torts by federal employees, unless the government actor was an investigative or law enforcement officer." *Matsko v. United States*, 372 F.3d 556, 560 (3d Cir. 2004). This "intentional tort" exception is provided in section 2680(h) of Title 28 of the United States Code, which states:

> The provisions of this chapter and section 1346(b) of this title shall not apply to— . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, that, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."

28 U.S.C. § 2680(h).

Nicholsen's administrative claim, a copy of which Nicholsen filed as an attachment to the complaint labeled "Exhibit 'A,'" asserted that Dennery "assaulted and batter[ed] [Nicholsen,] causing injuries and damages." (ECF No. 2-1 at 2.) Significantly, Dennery is not alleged to be a law enforcement officer. Accordingly, FEMA denied Nicholsen's administrative claim under the intentional torts exception. (ECF No. 2-2 at 2.) Indeed, the denial stated that "a claimant must show negligence or a wrongful act or omission on the part of a federal employee acting within the scope of his or her employment" for the claim to be successful under the FTCA. (ECF No. 2-2 at 2.)

Following the denial of the claim by FEMA, Nicholsen initiated this action, alleging in his complaint that Dennery "negligently and carelessly caused a physical injury to Plaintiff."[2] ECF No. 1, ¶ 8. Nicholsen does not specify the actions or omissions that he alleges were negligent and careless. Nevertheless, Nicholsen argues that he was directly and proximately "hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause [him] great mental, physical and nervous anxiety, and pain and suffering."

---

[2] Nicholsen's administrative claim made no reference to Dennery being negligent or careless. (ECF No. 2-1.)

*Id.*, ¶ 10. Nicholsen further alleges that he "became incapacitated and was prevented from following his usual occupation for an undetermined period of time" and that he "suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount" as a result of Dennery's negligence and carelessness. *Id.*, ¶ 13. Notwithstanding the breadth and severity of the injuries asserted, Nicholsen does not state the duty and breach of duty by which Dennery is alleged to have caused him injury.

The Court finds that Nicholsen has failed to allege a plausible claim for negligence. Under Virgin Islands law, in order to prevail on a claim for negligence, a plaintiff must demonstrate the following four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *See Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014) (establishing the elements for a claim for negligence as "(1) a legal duty of care owed to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff."). In this matter, Nicholsen's complaint alleges a single conclusory statement that "Dennery . . . while acting in the course and scope of his agency/employment for FEMA, then negligently and carelessly caused a physical injury to Plaintiff." (ECF No. 1, ¶ 8.) The complaint does not allege any duty of care the Government owed to Nicholsen, nor does it allege how the Government breached that duty. The complaint is also devoid as to how Nicholsen suffered any injury. While the Court must accept all well-pleaded allegations in the complaint as true for purposed of a Rule 12(b)(6) motion to dismiss, the Court need not "accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc.*, 113 F.3d at 417.

As the plaintiff, Nicholsen bears the burden of proving the Court has jurisdiction over the matter. As such, Nicholsen's complaint must allege facts in support of Dennery's alleged negligence in order to establish the Court's jurisdiction in the matter under the FTCA. *United States v. Shearer*, 473 U.S. 52, 55 (1985) ("Respondent cannot avoid the reach of [the intentional tort exception] by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault and battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery

committed by a Government employee.") (emphasis original). Although Nicholsen now presents his claim as one of negligence, he has failed to state facts sufficient to satisfy the elements in order to allege a plausible claim under the FTCA.[3]

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint due to Nicholsen's failure to allege a plausible claim of negligence. The underlying complaint is the only claim based on federal question jurisdiction, and none of the other claims satisfy either diversity or admiralty jurisdiction. Because the Court declines to extend supplemental jurisdiction over these claims, the Court will dismiss Dennery's crossclaim, counterclaim, and third-party complaint for lack of subject matter jurisdiction, as well.[4] Notwithstanding the dismissal, the Court will retain jurisdiction over this case to permit the parties to brief whether allowing the Plaintiff to amend the complaint would be futile. The Court sets forth the briefing schedule in the Order that follows.

**Dated:** March 28, 2022
/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

[3] At the hearing held on February 28, 2022, Plaintiff conceded that the complaint failed to allege a plausible claim for negligence but requested leave to amend based on information obtained during the discovery process.

[4] *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline to exercise supplemental jurisdiction over non-federal claims where "the district court has dismissed all claims over which it has original jurisdiction").